UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MAHDI O.,                                                       Case No. 26-CV-0083 (PJS/DLM)

          Petitioner,

v.                                                              ORDER

KRISTI NOEM, Secretary, U.S. Department
of Homeland Security; TODD M. LYONS,
Acting Director, U.S. Immigration and
Customs Enforcement; ICE FIELD OFFICE
DIRECTOR, St. Paul Field Office; ERIC
KLANG, Sheriff of Crow Wing County,
Minnesota,

          Respondents.

---

Abdiqani Jabane, JABANE LAW OFFICE, for petitioner.

Ana H. Voss, UNITED STATES ATTORNEY'S OFFICE, for all respondents except Eric Klang.

This matter is before the Court on petitioner Mahdi O.'s petition for a writ of habeas corpus and motion for a temporary restraining order.[1]  ECF Nos. 1, 2, 3, 5.[2]

---

[1] Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by his first name and last initials.

[2] ECF Nos. 1 and 3 appear to be identical and were both filed as motions for a temporary restraining order; however, ECF No. 1 is noted as a "motion to expedite," and ECF No. 3 is noted as a "motion for preliminary injunction."  Thus, the Court will treat ECF No. 3 as the operative motion for a temporary restraining order or, in the alternative, for a preliminary injunction.  ECF No. 2 is the operative habeas petition that includes supporting exhibits; ECF No. 5 is a re-filed petition that reflects the filing fee.

Mahdi, a citizen of Somalia, unlawfully entered the United States in 2022.  V. Pet. ¶ 4; ECF No. 2-1 at 9–12.  Mahdi's verified habeas petition indicates that Mahdi has been in "continuous" detention since March 11, 2025.  V. Pet. ¶ 9.  An Immigration Judge ("IJ") granted Mahdi release on $5,000 bond on June 5, 2025, but then rescinded her bond decision on June 16, finding that she lacked jurisdiction under *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025).  ECF No. 2-1 at 2–4.  The IJ later granted Mahdi asylum, which the government appealed.  V. Pet. ¶ 8.  That appeal remains pending before the Board of Immigration Appeals, and Mahdi remains in detention.  *Id.*

This is one of numerous recent cases challenging the application of 8 U.S.C. § 1225(b)(2) to aliens who have been living in the United States unlawfully.  This Court recently held that, because such aliens are not "seeking admission," *see* § 1225(b)(2), that provision does not apply to them.  *See Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *3 (D. Minn. Nov. 25, 2025).

Magistrate Judge Douglas L. Micko ordered respondents to file an answer to Mahdi's petition no later than January 13.  ECF No. 6.  Respondents have not filed a response.  Because the government has provided no basis for the Court to conclude that Mahdi's continued detention without the opportunity to be released on bond is lawful, the Court orders that the IJ's original bond order be reinstated and enjoins respondents

from applying the mandatory-detention provision of § 1225(b)(2) to Mahdi.[3] *See, e.g.*, *Ramirez-Ramirez v. Beuter*, No. 25-CV-185, 2025 WL 3499057, at *6 (N.D. Iowa Dec. 5, 2025) (reinstating an original bond order and granting a habeas petition "to the extent that petitioner is seeking the ability to post bond under the terms of the [previous] bond order").

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's petition for habeas corpus [ECF No. 2] is GRANTED IN PART and DENIED IN PART. Specifically, the Court:

    a. DECLARES that petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and ENJOINS respondents from denying release or other relief on the basis that petitioner is subject to mandatory detention under § 1225(b)(2).

    b. VACATES the Immigration Judge's June 16, 2025 order rescinding bond [ECF No. 2-1 at 4].

    c. REINSTATES the Immigration Judge's June 5, 2025 order granting bond [ECF No. 2-1 at 2–3].

---

[3] Because the motion for a temporary restraining order seeks no relief that is not otherwise addressed by this Order, the motion is denied without prejudice as moot.

      d.      ORDERS respondents to release petitioner from custody in accordance with the conditions previously imposed immediately after petitioner fulfills his obligations under the bond order.

2.      The remainder of petitioner's petition is DENIED WITHOUT PREJUDICE.

3.      Petitioner's motion for a temporary restraining order [ECF No.3] is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 14, 2026

                                                  /s/ Patrick J. Schiltz
                                                  Patrick J. Schiltz, Chief Judge
                                                  United States District Court